# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| EVELIA Y. RAGSDALE, on behalf of herself and others similarly situated,<br><br>                                Plaintiffs,<br><br>vs.<br><br>SANSAI USA, INC.,<br><br>                                Defendant. | CASE NO. 07CV1246 WQH (CAB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
|---|---|

HAYES, Judge:

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Cathy A. Bencivengo recommending that the Court grant the parties' joint motion for preliminary approval of class action settlement. (Doc. # 24).

**STANDARD OF REVIEW**

The duties of the district court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may nevertheless,

1 "accept, reject, or modify, in whole or in part, the findings or recommendations made by the
2 magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal.
3 2006); *Or. Natural Desert Ass'n v. Rasmussen,* 451 F. Supp. 2d. 1202, 1205 (D. Or. 2006).

## DISCUSSION & ORDER

5  On or about December 7, 2007, the Honorable William Q. Hayes, United States District
6 Judge, signed an Order Referring the Joint Motion for Preliminary Approval of Proposed Class
7 Settlement, brought pursuant to Rule 23(e), to the Honorable Cathy Ann Bencivengo, United States
8 Magistrate Judge.  (Doc. # 17).

9  This Court has considered the Class Action Settlement Agreement and its
10 exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class
11 action settlement, directing the dissemination of notice and setting a final settlement hearing,
12 and all other papers filed in this action. The matter having been submitted and good cause
13 appearing the Court finds as follows:

14  1. All defined terms contained herein shall have the same meanings as set forth in
15 the Class Action Settlement Agreement executed by the Settling Parties and filed with this
16 Court (the "Settlement Agreement");

17  2. The Class Representative and San Sai USA, Inc., through their counsel of record
18 in the Litigation, have reached an agreement to settle all claims in the Litigation;

19  3. The Court preliminarily concludes that, for the purposes of approving this class
20 for settlement purposes only, with no other effect on the Litigation, the proposed Rule 23
21 Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules
22 of Civil Procedure: (a) the proposed Class is so numerous that joinder of all members of the
23 class is impracticable; (b) there are questions of law or fact common to the proposed Class;
24 (c) the claims of Class Representative Evelia Y. Ragsdale are typical of the claims of the
25 members of the proposed Class; (d) Class Representative Evelia Y. Ragsdale will fairly and
26 adequately protect the interests of the Members of the Class; (e) a class action is superior to
27 other available methods for an efficient adjudication of this controversy; (f) counsel of
28 record for the Class Representative are qualified to serve as counsel for the Class

1  Representative in her own capacity as well as her representative capacity, and for the
2  Class; and (g) common issues will likely predominate over individual issues.
3    4. The Court preliminarily concludes that, for the purposes of approving this
4  settlement only and for no other purpose and with no other effect on the Litigation, including no
5  effect on the Litigation should the proposed Settlement not ultimately be approved or should
6  the Effective Date not occur, the proposed Class meets the requirements for certification under
7  FED. R. CIV. P. 23;
8    5. The moving parties also have presented to the Court for review a Class Action
9  Settlement Agreement. The Settlement Agreement is within the range of reasonableness and
10  meets the requirements for preliminary approval; and
11    6. The moving parties have presented to the Court for review a plan to provide
12  notice to the proposed Class of the terms of the settlement and the various options the Class
13  has, including, among other things, the option for Class Members to opt-out of the class action;
14  the option to be represented by counsel of their choosing and to object to the proposed
15  settlement; and/or the option to become a Participating Claimant. The notice will be
16  disseminated consistent with the Settlement Agreement. The notice proposed by the Settling
17  Parties is the best practicable under the circumstances, consistent with FED. R. CIV. P.
18  23(c)(2)(B), and is hereby approved.
19    Good cause appearing, **IT IS HEREBY ORDERED** that:
20    1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class
21  Action Settlement Agreement is preliminarily approved;
22    2. Attorney Jayne Goldstein is approved as lead class
23  counsel and Neiman and Neiman is approved as their local counsel;
24    3. Notice of the proposed settlement and the rights of Class Members to opt
25  out of the settlement and/or to become a Participating Claimant shall be given by notice
26  consistent with the terms of the Settlement Agreement.
27    4. A hearing will be held before this Court on **Friday, October 10, 2008**,
28  at **9:30 A.M.** to consider whether the settlement should be given final approval by the Court.

    (a) Written objections to the proposed settlement must be filed with the Court and served on Class Counsel and San Sai's counsel by **Wednesday, September 10, 2008**, which is 30 days before the Final Fairness Hearing;

    (b) The parties shall file responses to any filed objections on or before **Thursday, September 25, 2008**.

    (c) At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

    (c) Class Counsel and counsel for San Sai USA, Inc. should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

    (d) Class counsel and counsel for San Sai USA shall file and serve the motion for final approval of the settlement, as well as any supporting briefs or declarations, on or before **Thursday, September 25, 2008**.

5. Any class members who wish to exclude themselves from the settlement must submit his or her exclusion request to Class Counsel and the Claims Administrator by the date of the Final Fairness Hearing.

6. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

7. The Report and Recommendation is ADOPTED in its entirety. (Doc. # 24).

**IT IS SO ORDERED**.

DATED: May 6, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge